UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN ANDERSON,                                              )
                                                            )        **COMPLAINT**
                              Plaintiff,                    )
                                                            )        **JURY TRIAL DEMANDED**
     -against-                                              )
                                                            )        **ECF CASE**
THE CITY OF NEW YORK; POLICE                                )
DETECTIVE MICHAEL OLIVER, Shield No.                        )        **08 CIV 1307 (LAK)(DFE)**
07710; POLICE UNDERCOVER OFFICER, Shield                    )
No. 5732; JOHN DOES; RICHARD ROES,                          )
                                                            )
                              Defendants.                   )
-----------------------------------------------------------------X

**PRELIMINARY STATEMENT**

1.      This is a civil rights action in which plaintiff JOHN ANDERSON seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

**JURISDICTION**

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth, and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

1

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every claim as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff's application to file a late Notice of Claim was granted by New York State Supreme Court Justice Paul G. Feinman (New York County) on February 6, 2008 (Index No. 07/116899).

## PARTIES

7.      Plaintiff JOHN ANDERSON is a citizen of the United States, and at all times relevant herein resided in the state of New Jersey, County of Essex.

8.      Defendant THE CITY OF NEW YORK ("The City") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department ("NYPD").

9.      Defendants POLICE DETECTIVE MICHAEL OLIVER, Shield No. 07710,

POLICE UNDERCOVER OFFICER, Shield No. 5732 and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE DETECTIVE MICHAEL OLIVER, Shield No. 07710, POLICE UNDERCOVER OFFICER, Shield No. 5732 and JOHN DOES are sued individually and in their official capacity.

  10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD

ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. On September 29, 2006, approximately 1:45 a.m., at or around 609 West 29th Street, NY, NY, Plaintiff JOHN ANDERSON was at a nightclub.

12. As he was leaving the club, Plaintiff was told by JOHN DOE members of the New York City Police Department (NYPD) that he had to come with them.

13. Plaintiff was brought outside of the club to a police van and handcuffed by JOHN DOE members of the NYPD.

14. Plaintiff's pockets were searched by JOHN DOE members of the NYPD.

15. Plaintiff was then brought by JOHN DOE members of the NYPD to an NYPD Precinct Stationhouse.

16. From there Plaintiff was brought to the NYPD 7th Precinct Stationhouse.

17. While at the 7th Precinct Plaintiff was subjected to a strip search by JOHN DOE members of the NYPD.

18. Plaintiff was then brought the Central Booking facility at 100 Centre Street, where he was arraigned and released from custody approximately 14 hours after his arrest.

19. Throughout Plaintiff's time in NYPD custody, he was subjected to excessively tight handcuffs, despite his complaints.

20. Plaintiff was then charged with one count of violation of Penal Law §221.40, Criminal Sale of Marijuana in the Fourth Degree, and prosecuted without proper cause.

21. The Criminal Court Complaint lodged against Plaintiff is sworn to by Defendant DETECTIVE MICHAEL OLIVER, Shield 07710 of the Narcotics Boro Manhattan South, and

states that:

> Deponent states that deponent is informed by U/C, shield 5732 of the Manhattan South Narcotics Division that informant observed defendant give informant one clear glass bottle containing marijuana for a sum of United States currency.

22.     These allegations in the Criminal Court Complaint lodged against Plaintiff are false.

23.     Plaintiff never handed marijuana to anyone on the date in question, and Plaintiff's arrest, and treatment thereafter, were without cause or justification.

24.     All charges against Plaintiff were dismissed in their entirety on January 2, 2007.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

25.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26.     By their conduct and actions in falsely arresting, assaulting and battering, abusing process against, maliciously prosecuting, violating rights to equal protection under law of, violating the substantive due process rights of, inflicting emotional distress upon, violating the right to a fair trial of, failing to intercede on behalf of, and fabricating an account and/or evidence concerning the arrest of, Plaintiff, defendants POLICE DETECTIVE MICHAEL OLIVER, Shield No. 07710, POLICE UNDERCOVER OFFICER, Shield No. 5732 and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable

consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

27. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

29. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

30. Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

31.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

33.   At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

34.   As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein. POLICE DETECTIVE MICHAEL OLIVER, Shield No. 07710, POLICE UNDERCOVER OFFICER, Shield No. 5732, JOHN DOES, and RICHARD ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

36. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

### FIFTH CLAIM

### ASSAULT AND BATTERY

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. By the actions described above, defendants did inflict assault and battery upon Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses,

and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

40. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By the actions described above, defendants caused to be falsely arrested or falsely arrested Plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

43. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44. By the actions described above, defendants violated Plaintiff's right to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45. As a result of the foregoing, Plaintiff was deprived of his liberty and property,

suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### ABUSE OF PROCESS

46. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. By the conduct and actions described above, defendants employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm Plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### MALICIOUS PROSECUTION

49. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By the actions described above, defendants maliciously prosecuted plaintiff

without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENCE

55. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

58. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained the employees and officials who injured plaintiff. The acts and conduct of these employees and officials were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empanelling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           February 8, 2008

                                _____/S/_____
                                JEFFREY A. ROTHMAN, Esq.
                                (JR-0398)
                                315 Broadway, Suite 200
                                New York, New York 10007
                                (212) 227-2980
                                Attorney for Plaintiff