

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

CAROLINE CHEN
Assistant Corporation Counsel
Phone: (212) 788-1106
Fax: (212) 788-0367
E-mail: cchen@law.nyc.gov

March 25, 2008



MAR 26 2008

JUDGE KAPLAN'S CHAMBERS

**BY HAND**
Honorable Lewis A. Kaplan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: John Anderson v. The City of New York, et al.
08 CV 1307 (LAK)

Your Honor:

    I am the Assistant Corporation Counsel assigned to the defense of the City of New York in the above-referenced matter. I write to respectfully request that defendant City of New York be granted a sixty day enlargement of time from March 27, 2008, to May 27, 2008, to answer or otherwise respond to the complaint. This application is made with plaintiff's counsel's consent.

    In the complaint, plaintiff alleges, *inter alia*, that on or about September 29, 2006, he was falsely arrested, tightly handcuffed and thereafter maliciously prosecuted.

    An enlargement of time is requested for several reasons. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. To that end, this office has already forwarded to plaintiff for his execution, a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to §160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal investigation. Defendant cannot obtain these records without the designations, and without the records, defendant cannot properly assess this case or respond to the complaint. In addition, plaintiff alleges that he sustained injuries on or about September 29, 2006. Thus, this office has forwarded to plaintiff medical release(s) so that we can access his records pertaining to his purported injury. The additional

*Time extended to and including 4/27/08*
*SO ORDERED*
LEWIS A. KAPLAN 3/27/08

time will also allow us to receive any NYPD documents pertaining to the incident underlying this action.

In addition, a review of the court docket sheet appears to show that plaintiff may have caused service of process to be effected upon the individual defendants, Michael Oliver and Undercover Police Officer bearing Shield No. 5732. Should these officers seek representation by this office, the enlargement of time should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent these individuals. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Furthermore, as this office has yet to make a decision concerning the representation of Officer Oliver and Undercover Officer 5732, the instant request for an extension of time is not made on their behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.

No previous request for an extension has been made. Accordingly, we respectfully request that defendant City of New York's time to answer or otherwise respond to the complaint be extended to May 27, 2008.

Respectfully submitted,

Caroline Chen
Assistant Corporation Counsel

cc:   Jeffrey A. Rothman, Esq. (by hand)
      *Attorney for Plaintiff*
      315 Broadway, Suite 200
      New York, New York 10007