UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JOHN ANDERSON,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL OLIVER, SHIELD NO. 07710; POLICE UNDERCOVER OFFICER, SHIELD NO. 5732, JOHN DOES; RICHARD ROES,

                             Defendants.

------------------------------------------------------------------x

**ANSWER ON BEHALF OF THE CITY OF NEW YORK AND UNDERCOVER POLICE OFFICER 5732**

08 CIV 1307 (LAK)

JURY TRIAL DEMANDED

       Defendants City of New York and Undercover Police Officer bearing Shield Number 5732 ("Undercover Police Officer 5732"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed as stated therein.

5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipality organized under the laws of the State of New York and that it maintains a police department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that on or about September 29, 2006, Detective Michael Oliver and Undercover Police Officer 5732 were New York City Police Officers, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint regarding the John Doe defendants, and except admit that plaintiff purports to proceed as stated therein against the individual defendants.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint regarding the Richard Roe defendants, except admit that plaintiff purports to proceed as stated therein against the individual defendants.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff was arrested by members of New York City Police Department Police Officers on or about September 29, 2006, in Manhattan, New York.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint as to the actions of the John Doe defendants, except admit that on September 29, 2006, plaintiff was taken to the 7th Precinct.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that on September 29, 2006, plaintiff was taken to the 7th Precinct.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that on or about September 29, 2006, plaintiff was charged with Criminal Sale of Marijuana in the Fourth Degree pursuant to New York Penal Law §221.40.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in the first "paragraph 27" of the complaint.

27. In response to the allegations set forth in the second "paragraph 27" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein. In addition, defendants deny

the allegations set forth in paragraph "35" of the complaint with respect to plaintiff's allegation regarding defendant City of New York's liability.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

61. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

62. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

63. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

64. Plaintiff may have failed to comply with GML §50(i) and GML §50(e).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

65. At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendants are entitled to governmental immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

66. Undercover Police Officer bearing Shield Number 5732 has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

67. Plaintiff may not obtain punitive damages against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

68. There was probable cause for plaintiff's arrest and/or detention on September 29, 2006.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

69. There was probable cause for plaintiff's criminal prosecution on or about September 29, 2006.

**WHEREFORE**, defendants City of New York and Undercover Police Officer bearing Shield No. 5732 request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 28, 2008

    MICHAEL A. CARDOZO
    Corporation Counsel of the
     City of New York
    *Attorney for Defendants City of New York and UC5732*
    100 Church Street, Room 3-199
    New York, New York 10007
    (212) 788-1106

By: _____
    CAROLINE CHEN
    Assistant Corporation Counsel

To: Jeffrey Rothman, Esq. (by ECF and by regular mail)
    315 Broadway, Suite 200
    New York, New York 10007

Index No. 08 CV 1307 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN ANDERSON,

               Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL OLIVER, SHIELD NO. 07710; POLICE UNDERCOVER OFFICER, SHIELD NO. 5732, JOHN DOES; RICHARD ROES,

               Defendants.

**ANSWER ON BEHALF OF
THE CITY OF NEW YORK AND
UNDERCOVER POLICE OFFICER 5732**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and UC 5732*
*100 Church Street, Room 3-199*
*New York, New York 10007*

*Of Counsel: Caroline Chen*
*Tel: (212) 788-1106*
*NYCLIS No. 2007-*

*Due and timely service is hereby admitted. New York, New York , 2008*

................................................................ *Esq.*

*Attorney for* ........................................................

## DECLARATION OF SERVICE BY MAIL

I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on April 28, 2008, I caused to be served the ANSWER ON BEHALF OF THE CITY OF NEW YORK AND UNDERCOVER POLICE OFFICER 5732 upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

Jeffrey Rothman, Esq.
315 Broadway
Suite 200
New York, New York 10007

Dated:    New York, New York
          April 28, 2008

_____
CAROLINE CHEN