UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOHN ANDERSON,

                               Plaintiff,

                -against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL
OLIVER, SHIELD NO. 07710; POLICE UNDERCOVER
OFFICER, SHIELD NO. 5732, JOHN DOES; RICHARD
ROES,

                           Defendants.

------------------------------------------------------------------------x

**ANSWER ON
BEHALF OF
DETECTIVE
MICHAEL OLIVER**

08 CIV 1307 (LAK)

JURY TRIAL
DEMANDED

       Defendant Detective Michael Oliver, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges upon information and belief, as follows:

    1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

    2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

    3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

    4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to proceed as stated therein.

    5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to base venue as stated therein.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.     Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipality organized under the laws of the State of New York and that it maintains a police department.

9.     Denies the allegations set forth in paragraph "9" of the complaint, except admits that on or about September 29, 2006, Detective Michael Oliver and Undercover Police Officer 5732 were New York City Police Officers, except denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint regarding the John Doe defendants, and except admits that plaintiff purports to proceed as stated therein against the individual defendants.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint regarding the Richard Roe defendants, except admits that plaintiff purports to proceed as stated therein against the individual defendants.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff was arrested by members of New York City Police Department Police Officers on or about September 29, 2006, in Manhattan, New York.

12.    Denies the allegations set forth in paragraph "12" of the complaint.

13.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint as to the actions of the John Doe defendants, except admits that on September 29, 2006, plaintiff was taken to the 7th Precinct.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admits that on September 29, 2006, plaintiff was taken to the 7th Precinct.

17.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.   Denies the allegations set forth in paragraph "19" of the complaint.

20.   Denies the allegations set forth in paragraph "20" of the complaint, except admits that on or about September 29, 2006, plaintiff was charged with Criminal Sale of Marijuana in the Fourth Degree pursuant to New York Penal Law §221.40.

21.   Denies the allegations set forth in paragraph "21" of the complaint, and respectfully refers the Court to the sworn statement of defendant Oliver filed in *People v. Anderson*, 2006-NY065962 (NY Cty. Crim. Ct.), for a complete and accurate understanding of the content of said sworn statement.

- 3 -

22.    Denies the allegations set forth in paragraph "22" of the complaint.

23.    Denies the allegations set forth in paragraph "23" of the complaint.

24.    Denies the allegations set forth in paragraph "24" of the complaint, except admit the charges against plaintiff were withdrawn pursuant to New York Criminal Procedure Law Section 30.30 and respectfully refer the Court to the transcript of the proceeding of the Criminal Court on January 2, 2007, for a complete and accurate understanding of said proceedings.

25.    In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

26.    Denies the allegations set forth in paragraph "26" of the complaint.

27.    Denies the allegations set forth in the first "paragraph 27" of the complaint.

27.    In response to the allegations set forth in the second "paragraph 27" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies the allegations set forth in paragraph "29" of the complaint.

30.    In response to the allegations set forth in paragraph "30" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

31.    Denies the allegations set forth in paragraph "31" of the complaint.

32.    Denies the allegations set forth in paragraph "32" of the complaint.

33.    Denies the allegations set forth in paragraph "33" of the complaint.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.  In addition, defendants denies the allegations set forth in paragraph "35" of the complaint with respect to plaintiff's allegation regarding defendant City of New York's liability.

36.    Denies the allegations set forth in paragraph "36" of the complaint.

37.    In response to the allegations set forth in paragraph "37" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

38.    Denies the allegations set forth in paragraph "38" of the complaint.

39.    Denies the allegations set forth in paragraph "39" of the complaint.

40.    In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

41.    Denies the allegations set forth in paragraph "41" of the complaint.

42.    Denies the allegations set forth in paragraph "42" of the complaint.

43.    In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

44.    Denies the allegations set forth in paragraph "44" of the complaint.

45.    Denies the allegations set forth in paragraph "45" of the complaint.

46.    In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

47.    Denies the allegations set forth in paragraph "47" of the complaint.

48.    Denies the allegations set forth in paragraph "48" of the complaint.

49.    In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

50.    Denies the allegations set forth in paragraph "50" of the complaint.

51.    Denies the allegations set forth in paragraph "51" of the complaint.

52.    In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

53.    Denies the allegations set forth in paragraph "53" of the complaint.

54.    Denies the allegations set forth in paragraph "54" of the complaint.

55.    In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

56.    Denies the allegations set forth in paragraph "56" of the complaint.

57.    Denies the allegations set forth in paragraph "57" of the complaint.

58.    In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and realleges the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

59.    Denies the allegations set forth in paragraph "59" of the complaint.

60.    Denies the allegations set forth in paragraph "60" of the complaint.

61.    Denies that plaintiff is entitled to the relief requested set forth in plaintiff's prayer.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

62.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

63.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

64.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

65.    Plaintiff failed to comply with GML §50(i) and GML §50(e).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

66.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendants are entitled to governmental immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

67.    Defendant Oliver has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

68.    Plaintiff may not obtain punitive damages against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

69.    There was probable cause for plaintiff's arrest and/or detention on September 29, 2006.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

70.    There was probable cause for plaintiff's criminal prosecution on or about September 29, 2006.

**WHEREFORE**, defendant Oliver requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 2, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendant Detective Michael Oliver*
100 Church Street, Room 2-189
New York, New York 10007
(212) 788-0898

By: _____
     ELIZABETH A. WELLS
     Assistant Corporation Counsel

To:    Jeffrey Rothman, Esq. (by ECF and by regular mail)
       315 Broadway, Suite 200
       New York, New York 10007

- 8 -

Index No.  08 CV 1307 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN ANDERSON,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL
OLIVER, SHIELD NO. 07710; POLICE UNDERCOVER
OFFICER, SHIELD NO. 5732, JOHN DOES; RICHARD
ROES,

                                        Defendants.

## ANSWER ON BEHALF OF
## DETECTIVE MICHAEL OLIVER

### *MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant Detective Michael Oliver*
*100 Church Street, Room 2-189*
*New York, New York 10007*

*Of Counsel:  Elizabeth A. Wells*
*Tel:  (212) 788-0898*
*NYCLIS No. 2007-*

*Due and timely service is hereby admitted. New York, New York
, 2008*

..................................................................... *Esq.*

*Attorney for* ...........................................................